UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Basil A. Perry,

        Plaintiff,    Case No. 19-cv-11784

v.                             Judith E. Levy
                               United States District Judge
Asad Farah, et al.,
                               Mag. Judge David R. Grand
        Defendant.

_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan parolee Basil A. Perry ("Plaintiff"), currently residing in Jamaica, challenges the validity of his state criminal proceedings and time in state custody. Plaintiff was convicted of four counts of third-degree criminal sexual conduct and one count of child sexually abusive material or activity, following a jury trial in the Monroe County Circuit Court. He was sentenced as a third habitual offender to concurrent terms of 10 to 30 years imprisonment and 10 to 40 years imprisonment on those convictions on April 27, 2006. Plaintiff was released on parole on August 30, 2018, with a supervision discharge date of August 30, 2020. *See*

Offender Profile, Michigan Department of Corrections ("MDOC") Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=261718. Plaintiff names criminal defense attorneys, Asad Farah and John Landis, probation officer Jeff Finley, and witness Ann Redding, as the defendants in this action and seeks monetary damages and other relief. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee. For the reasons set forth below, the civil rights complaint must be dismissed, and an appeal cannot be taken in good faith.

## I.   Legal Standard

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to dismiss a complaint brought in forma pauperis—without prepayment of fees—before service on a defendant if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A civil rights complaint brought without the assistance of counsel is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). While plaintiff is not required to include "detailed" factual allegations, his complaint must include more than a bare assertion of legal principles or conclusions. *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by

the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## II. Analysis

Plaintiff challenges the validity of his state criminal convictions in his civil rights complaint, essentially alleging that his criminal defense attorneys failed to properly represent him, that the probation officer failed to properly communicate with him and the court, and that the witness lied at trial. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of imprisonment, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). This holds true regardless of the relief sought by the plaintiff. *Id.* at 487–89. *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily

4

demonstrate the invalidity of confinement or its duration."[1] *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Plaintiff's claims concern the validity of his state criminal proceedings and the basis for his prior imprisonment and current parole status. Consequently, success in this action would demonstrate the invalidity of his convictions and his continued status on parole and is therefore barred by *Heck*.

Plaintiff's claims against defendants Farah and Landis, his criminal defense attorneys, must also be dismissed because they are not state actors subject to suit under 42 U.S.C. § 1983. It is well-settled that appointed and retained attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under § 1983. *Polk Co. v. Dodson*, 454 U.S. 312, 318, 325 (1981); *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th

---

[1] Challenges to criminal convictions and confinement are properly brought as a habeas petition under 28 U.S.C. § 2254. Plaintiff has already brought a habeas petition challenging the convictions at issue. The Court denied his petition on February 27, 2014. *Perry v. Woods*, No. 2:12-CV-10885, 2014 U.S. Dist. LEXIS 25002 (E.D. Mich. Feb. 27, 2014) (Hood, J.). Had plaintiff brought this action as a habeas petition, it would be barred as a successive petition. *See* 28 U.S.C. § 2244(b).

Cir. 2004). Plaintiff's complaint against defendants Farah and Landis must therefore be dismissed for this reason, as well.

Plaintiff's claims against defendant Redding are similarly subject to dismissal. Defendant Redding is a private citizen, not a state actor, who testified at trial. Consequently, she is not subject to suit under § 1983. Plaintiff's complaint against defendant Redding must be dismissed for this reason, as well.

### III. Conclusion

For the reasons set forth above, plaintiff's civil rights complaint is barred by *Heck* and must be dismiss. In addition, defendants Farah, Landis, and Redding are not state actors subject to suit under 42 U.S.C. § 1983. Accordingly, the Court hereby **DISMISSES** the complaint.

Moreover, the Court also concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: July 11, 2019　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 11, 2019.

                                          s/Shawna Burns
                                          SHAWNA BURNS
                                          Case Manager